IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:05-10060-T |
| | ) | |
| DEMARCO HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT'S MOTION FOR REASONABLE BOND AND FOR REVIEW OF ORDER DENYING BOND

On August 15, 2005, a federal grand jury returned an indictment against Defendant, Demarco Hughes ("Defendant"), on one count of possession with intent to distribute and distribution of approximately 52.9 grams of cocaine base, in violation of 18 U.S.C. § 841(a)(1). U.S. Magistrate Judge S. Thomas Anderson issued a warrant for Defendant's arrest, which was returned executed on September 1, 2005. At Defendant's initial appearance, the Government requested a detention hearing and an order of temporary detention. The Magistrate Judge granted the Government's requests, ordered Defendant's temporary detention, and set a hearing date.

On September 9, 2005, the Magistrate Judge held the detention hearing pursuant to 18 U.S.C. § 3142(f). Defendant's evidence consisted of the testimony of his fiancé,

Keesha Fonville.[1]  The Government's evidence included the report of Pretrial Services ("PTSR").  After the hearing, the Magistrate Judge determined that "[n]o condition or combination of conditions of release will reasonably assure the appearance of the defendant as required or the safety of any other person and the community," and he ordered that Defendant be detained pending trial pursuant to § 3142(e).  [Dkt. # 9]

At this court's October 28, 2005 report date, Defendant's counsel orally moved for an order setting a reasonable bond pending trial.  The court denied Defendant's request but stated that Defendant could file a written motion addressing the issue.  On November 29, 2005, Defendant filed a written motion for review of the Magistrate Judge's order of detention.  Defendant also requested a hearing.

The district court applies a *de novo* standard to the Magistrate Judge's decision to detain Defendant pending trial.  *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000).  Whether a particular defendant should be detained or released while awaiting trial is governed by the Bail Reform Act ("BRA"), 18 U.S.C. § 3142.  The purpose of the BRA is to ensure fair bail procedures without jeopardizing public safety or the appearance of the defendant at trial.  *United States v. Montalvo-Murillo*, 495 U.S. 711, 720 (1990).  Under some circumstances, Congress has directed courts to unconditionally detain defendants prior to trial.  Specifically, "if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required

---

[1] It is not clear whether Defendant and Keesha Fonville are married or engaged to be married in the future.

and the safety of any other person and the community," the defendant "shall" be held in custody pending trial. § 3142(e). In determining whether any type of release will reasonably assure the stated objectives, a district court considers:

> (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*E.g., United States v. Hinton*, No. 04-3828, 2004 U.S. App. LEXIS 25097, at **2 (6th Cir. Sept. 20, 2004) (unpublished order).

Although the government always retains the ultimate burden of persuasion, *see, e.g., United States v. Owens*, No. 91-5313, 1991 U.S. App. LEXIS 10750, at *2 (6th Cir. May 14, 1991) (unpublished order) (government must prove dangerousness by clear and convincing evidence); *Hinton*, 2004 U.S. App. 25097, at **2 (government must prove flight risk by preponderance of the evidence), for certain crimes there is a statutory presumption that no condition or combination thereof will reasonably assure both the defendant's appearance and the safety of any other person and the community, *see Hinton*, 2004 U.S. App. 25097, at **2–3; § 3142(e). In those cases, the initial burden of production is on the defendant to come forward and produce evidence rebutting the presumption. *E.g., United States v. Lattner*, No. 01-2104, 2001 U.S. App. 23790, at **3 (6th Cir. Oct. 29, 2001) (unpublished order). If the defendant produces no evidence to rebut the statutory presumption, "the strength of the presumption may alone justify detention." *United States v. Bermudez*, No. 1:95:CR:64, 1995 U.S. Dist. LEXIS 6897, at *12 (W.D. Mich. May 4, 1995) (memorandum

opinion on detention) (citing *United States v. Alatishe*, 768 F.2d 364, 371 n.14 (D.C. Cir. 1985) and *United States v. Viers*, 637 F. Supp. 1343, 1351 (W.D. Ky. 1986)). Moreover, the fact that a defendant produces *some* arguably favorable evidence does not necessarily remove the presumption. *Hinton*, 2004 U.S. App. LEXIS 25097, at **4 ("The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it.").

In this case, Defendant was indicted for committing a drug offense proscribed by the Controlled Substances Act, *see* 21 U.S.C. §§ 801, 841(a)(1), and subject to a maximum term of imprisonment of more than ten years, *see* 21 U.S.C. § 841(b). The BRA's statutory presumption applies to the alleged drug-trafficking offense if the court finds that probable cause exists to believe Defendant committed the offense. *See* 18 U.S.C. § 3142(e). For pretrial detention purposes, the indictment for engaging in the trafficking of crack cocaine is sufficient without more to support a finding of probable cause. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).[2] Accordingly, based on the indictment and in light of Congress' legislative finding that "drug offenders pose a special risk of flight and dangerousness to society," *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989), *quoted in Hinton*, 2004 U.S. App. LEXIS 25097, at **4, the court finds as a matter of law that there is a statutory presumption in favor of Defendant's detention pending trial.

Defendant's effort to rebut the statutory presumption consists of the following

---

[2]*But see* 18 U.S.C. § 3142(j) (stating that "[n]othing in [section 3142 of the BRA] should be construed as modifying or limiting the presumption of innocence").

4

evidence: Defendant's son, who currently resides with Defendant's fiancé, was recently in the custody of the Tennessee Department of Children's Services. The son has exhibited behavioral problems since Defendant's incarceration. In fact, Defendant's fiancé has been forced to request assistance from several state agencies, and the son's problems have apparently worsened to the point that he is making threats of suicide. However, Defendant's son's attitude frequently improves when he is able to visit with or talk to Defendant. Based on these factors, Defendant contends that his presence is needed at home to supervise and to protect his son and to help alleviate the pressure on his fiancé.

The court agrees that Defendant's evidence strongly suggests that his presence is desperately needed and desired at home for the well-being of his family, specifically for his teenage son and fiancé. This is unfortunately an almost universally applicable fact of confinement. It is not, however, a fact that rebuts the statutory presumption in favor of detention for suspected drug-trafficking offenders. *See United States v. Hernandez*, No. 1:02-cr-006, 2002 U.S. Dist. LEXIS 26904, at *9–10 (E.D. Tenn. 2002) (in light of Congressional findings that suspected drug-trafficking offenders pose special risk of flight to avoid prosecution, defendant's evidence of family ties did not overcome presumption). Therefore, the court finds that Defendant's evidence, while indicative of a very serious family issue, does not remove the presumption in favor of detention pending trial.

In addition to and separate from the presumption, the evidence that this particular Defendant poses a risk of flight is overwhelming. According to the PTSR, a warrant for

Defendant's arrest for failure to appear at judicial proceedings has issued on two prior occasions in unrelated cases. While he was on probation in Wisconsin, Defendant did not advise officials of his true address and failed to report to his probation officer. Many of Defendant's family ties are far away from Tennessee—in Illinois and Minnesota. Defendant has been known to use more than one alias name throughout his life. All of these factors combined establish, by a preponderance of the evidence,[3] a likelihood that Defendant will not appear at a future trial.

Finally, Defendant's criminal record itself suggests that he poses a danger to other individuals and to society as a whole. According to the PTSR, Defendant has been convicted of burglary, manufacture and delivery of a controlled substance, and resisting or obstructing arrest. The instant indictment alleges that Defendant was involved in trafficking a significant amount of crack cocaine. Defendant has previously been charged with aggravated assault, battery, domestic battery, and assault; his probation has been revoked on two prior occasions; and, he was on probation when he allegedly committed the instant offense. The evidence that the community's safety cannot be reasonably assured by Defendant's release pending trial is clear and convincing.

In light of the foregoing, Defendant's Motion for Review of the Magistrate Judge's Order of Detention Pending Trial is GRANTED. Upon review of that Order and

---

[3] Defendant's Tennessee family ties and his asserted willingness to submit to "home detention and/or a curfew" provide evidence to the contrary; given Defendant's history of disobeying orders to appear, his violation of conditions of probation, his northerly family ties, and his past uses of aliases, however, the preponderance of evidence suggests that neither Defendant's Tennessee connections nor "home detention and/or a curfew," nor both, would reasonably assure Defendant's presence.

Defendant's new arguments, the court agrees with the Magistrate Judge and finds that there is no condition or combination of conditions, including a reasonable bond, that will reasonably assure both Defendant's appearance at trial and the safety of the community. Therefore, Defendant's Motion for Reasonable Bond is DENIED. Defendant's request for a hearing is DENIED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_30 November 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 1:05-CR-10060 was distributed by fax, mail, or direct printing on December 2, 2005 to the parties listed.

---

M. Dianne Smothers
FEDERAL PUBLIC DEFENDER
109 S. Highland Ave.
Ste. B-8
Jackson, TN 38301

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT